# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY C. PALMER,<br><br>                Plaintiff,<br><br>    v.<br><br>PERALTA, et al.,<br><br>                Defendants. | Case No. 1:24-cv-0104-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 9)<br><br>**FOURTEEN (14) DEADLINE** |

Plaintiff Johnny C. Palmer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 9.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Bell *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Kern Valley State Prison, in Delano, California where the events in the complaint are alleged to have occurred.  Plaintiff names the following defendants: (1) Peralta, correctional officer, (2) Escamilla, correctional officer, (3) Harris, correctional officer, (4) Hickey, correctional officer, and (5) Coppalla, correctional sergeant.[1]

In claim 1, Plaintiff alleges the freedom from cruel and unusual punishment. On 10/3/23, Defendant Hickey violated Plaintiff's rights for cruel and unusual punishment. Plaintiff was handcuffed and escorted to and from medical by Defendant Hickey and Harris per CDCR policy. Once Plaintiff was back in his ASU cell, he told Defendant that Plaintiff was having chest pains and wanted to see a doctor. Defendant Hickey asked "was I going to give up the cuffs."  Plaintiff told Defendant Hickey that "I can't feel my arms, can he call medical."  At this point, Defendant

---

[1] On June 24, 2024, Plaintiff filed a "NOTICE of VOLUNTARY DISMISSAL of Defendants John Doe #1, John Doe #2, and Any Other Defendant the Court has Deemed Not Cognizable." ECF No. 10.  The first amended complaint does not name as defendants John Doe #1 or John Doe #2.  Accordingly, the Court disregards ECF No. 10, the NOTICE of VOLUNTARY DISMISSAL of Defendants John Doe #1, John Doe #2, and Any Other Defendant the Court has Deemed Not Cognizable.

2

1  Hickey began to pull the cuffed arms toward him and Defendant Harris through the food port on
2  the cell door. Defendant Hickey helped other named Defendants hold Plaintiff's cuffed hands till
3  Plaintiff was cuffed to the outside of cell 109. Plaintiff told Hickey a number of times to uncuff
4  Plaintiff because Plaintiff could not feel his arms. Plaintiff was ignored by all the officers and
5  was left cuffed to cell 109 for an hour and 45 minutes and left cuffed for 36 hours.

6        In claim 2, Plaintiff alleges cruel and unusual punishment. Plaintiff was escorted back
7  from medical by Defendants Hickey and Harris. Once inside Plaintiff's cell, Plaintiff told
8  Defendant Hickey that Plaintiff was having chest pains and needed to see a doctor. Plaintiff was
9  asked, "was I going to give up the cuffs," and Plaintiff told them "I can't feel my arms can you
10 call medical." Hickey and Harris began to pull the already cuffed arms toward them through the
11 food port on the door. Harris called "another named defendant" to come help and hold the chains
12 once Plaintiff's arms were out the door. Defendant Harris told "all named Defendants" let's just
13 cuff him to the door. Other named Defendants left and came back with 2 pairs of leg cuffs and
14 gave them to Defendant Harris. Harris cuffed one side to Plaintiff waist chains and the other side
15 to the outside of cell 109. Plaintiff could not move off his door to get water or use the restroom
16 or even sit down. Plaintiff asked Defendant Harris a number of times to uncuff Plaintiff that he
17 could not feel his arms. Plaintiff was ignored and left cuffed to the door for 1 hour and 45
18 minutes and left handcuffed for 36 hours inside his cell.

19       In claim 3, Plaintiff alleges cruel and unusual punishment. Escamilla was called to
20 Plaintiff's pod and helped pull Plaintiff's already cuffed hands through the food port and out the
21 cell door and hold them so Plaintiff could not move away from the door. Harris told all the
22 named defendants "let's just cuff him to the door." Defendant Escamilla left and went to the
23 office and came back with two pair of let cuffs. He gave the cuffs to Harris and took the other
24 pair and cuffed them to the cell 109. Harris cuffed Plaintiff to the door and Plaintiff told
25 Defendants multiple times that Plaintiff could not feel his arms. He asked to be uncuffed but was
26 ignored. Defendant walked away leaving Plaintiff cuffed for a number of hours inside Plaintiff's
27 cell.

28       In claim 4, Plaintiff alleges cruel and unusual punishment. Plaintiff alleges that on

10/3/23, Defendant Peralta helped pull Plaintiff's already cuffed hands through the cell food port and out Plaintiff's cell door.  He held them so Plaintiff could not move from his cell door.  Then Harris told all named Defendants let's just cuff him to the door.  Peralta then held Plaintiff's cuffed hands for other Defendants to go get more cuffs and cuff Plaintiff to the outside of cell 109.   Plaintiff told Defendants, a number of times to let him go and uncuff Plaintiff.  But Plaintiff was ignored and Defendant just walked away leaving Plaintiff cuffed for a number of hours inside his cell.

In claim 5, Plaintiff alleges cruel and unusual punishment. On 10/3/23, Defendant Coppalla failed to stop Plaintiff from being improperly restrained and /or allowing Plaintiff to remain improperly restrained.  By CDCR policy after being called to Plaintiff's cell by Defendants Hickey and Harris, Plaintiff told sergeant Coppalla that Plaintiff could not feel his arms and showed her that Plaintiff was handcuffed to the out of cell 109 and inside his cell.  Plaintiff asked that Coppalla have her officers take the cuffs off of Plaintiff.  She did not tell defendants anything and walked away.  She did not come back and Plaintiff was left handcuffed to the outside of cell 109 for 1 hour and 45 minutes and handcuffed in his cell for 36 hours, a clear violation of CDCR policy.

As remedies, Plaintiff sees compensatory damages and punitive damages.

**III.    Discussion**

**A**.    **Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*.; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is relatively short but it is not plain statement of his claims. Many of

1 Plaintiff's allegations are conclusory do not state what happened, when it happened, or which
2 defendant was involved. He fails to state the factual basis for the conclusions. Plaintiff must
3 clearly state what happened, when it happened, and who was involved.

**B. Supervisor Liability**

Insofar as Plaintiff is attempting to sue Defendant Warden, or any other defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

To the extent Plaintiff alleges a claim against Defendant Coppalla, he fails to state a cognizable claim. Plaintiff alleges that Defendant Coppalla left Plaintiff handcuffed in violation

5

of CDCR policy. As explained below, violation of CDCR policy does not state a constitutional claim.

### C. Eighth Amendment

#### 1. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.

Plaintiff alleges excessive force in violation of the Eighth Amendment as to handcuffing

6

and the use of the port to cuff Plaintiff.  Plaintiff states a cognizable claim against Defendants Harris and Hickey.  Plaintiff alleges that he told Defendant Hickey and Harris multiple times that the cuffing was painful.  But Plaintiff fails to allege a claim against any other defendant.  Plaintiff does not allege he told other defendants he was in pain multiple times and his allegations grouping "Defendants" together does not state a cognizable claim. Each Defendant is entitled to know their alleged conduct which purportedly violated Plaintiff's rights. *Johnson v. Frauenheim*, No. 1:18-cv-01477-AWI-BAM (PC), 2021 WL 5236498, at *8 (E.D. Cal. Nov. 10, 2021) (rejecting without leave to amend excessive-force claim because plaintiff did not allege that he asked defendant "more than once to loosen" handcuffs or that defendant "otherwise knew that the handcuffs were too tight and were causing [p]laintiff to suffer severe pain"), findings and recommendations adopted by 2021 WL 5982293 (E.D. Cal. Dec. 17, 2021); *see also Guerrero v. Rivera*, No. EDCV 13-0092-JGB (JPR), 2013 WL 878285, at *2 (C.D. Cal. Mar. 8, 2013) (finding that plaintiff had failed to state a cognizable excessive force claim regarding overly tight handcuffs where the named defendants had nothing to do with the handcuffing, that Plaintiff did not allege that he made more than one request to any defendant to loosen the cuffs, or that any defendant was present for more than a few moments and was able to observe the effect the handcuffs had on the plaintiff); *Gregory v. Adams*, No. CIV S-05-1393 FCD EFB P, 2008 WL 486013, at *5 (E.D. Cal. Feb. 19, 2008) (holding that triable issue existed as to whether officer who did not personally handcuff plaintiff nonetheless used excessive force in ignoring plaintiff's repeated assertions of pain and refusing to loosen cuffs for more than five hours); *Salazar v. L.A. Cnty. Sheriff's Dep't*, No. CV 17-07686-ODW (DFM), 2021 WL 3438653, at *2 (C.D. Cal. July 6, 2021) (rejecting without leave to amend excessive-force claim because plaintiff didn't allege facts showing how handcuffs caused him pain or injury or how he communicated that to defendants), accepted by 2021 WL 4338946 (C.D. Cal. Sept. 23, 2021).

     As to pulling Plaintiff's hands through the food port, Plaintiff fails to allege the force used and fails to allege any injury.

     Further, despite being informed he must clarify his allegations, Plaintiff fails to allege what his conduct was which necessitated the handcuffing, what he was doing, whether he was

7

complying with officers or other factual support. Plaintiff has been unable to cure this deficiency.

2. **Deliberate Indifference to Medical Care**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo County, Ariz*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.

Negligence or medical malpractice do not rise to the level of deliberate indifference. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to

deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d at 242, overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012)) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

The Court is unable to determine from the context of the allegations whether Plaintiff was suffering a serious medical need and if each of the defendants "knows of and disregards an excessive risk to inmate health or safety."  Merely stating that Plaintiff wanted to see medical is insufficient.  Plaintiff has been unable to cure this deficiency.

### 3. Conditions of Confinement

Although the Constitution " 'does not mandate comfortable prisons,' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Howard v. Adkison*, 887 F.2d 134, 137 (9th Cir. 1989). Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each alone would not suffice, but only when they have a combined effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets. *Wilson*, 501 U.S. at 304–05 (comparing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) (outdoor exercise required when prisoners are confined in small cells almost 24 hours per day), with *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980) (outdoor exercise not required when prisoners had access to dayroom 18 hours per day)). Temporary unconstitutional conditions of confinement do not necessarily rise to the level of constitutional violations. *See Anderson v. Cty. of Kern*, 45 F.3d 1310, 1315 (9th Cir.), opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995), abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995) (in evaluating challenges to conditions of confinement, length of time the prisoner must go without basic human needs may be considered)).

Plaintiff fails to state a conditions of confinement claim. Plaintiff alleges that he was handcuffed to a cell for 1 hour and 45 minutes and could not get water, sit or use the restroom. Plaintiff also alleges he was otherwise handcuffed in his cell for 36 hours. Plaintiff has not alleged an insufficiently serious condition violative of the Eighth Amendment by these temporary conditions. *Anderson*, 45 F.3d at 1315 (no constitutional violation for placement in safety cages where the sanitary limitations imposed upon them were more than temporary and where inmate was in danger of self-harm). Further, Plaintiff fails to allege any harm from being handcuffed in his cell for 36 hours. Plaintiff has been unable to cure this deficiency.

Adequate food is a basic human need protected by the Eighth Amendment. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998). The Eighth Amendment right to food was clearly established as of at least 2001. *Foster v. Runnels*, 554 F.3d 807, 815 (9th Cir. 2009). Denial of food service presents a sufficiently serious condition to meet the objective prong of the Eighth Amendment deliberate indifference analysis. *Id*. at 812–13 (denial of 16 meals over 23 days was "a sufficiently serious deprivation because food is one of life's basic necessities"); and *id*. at 812 n.1 (denial of 2 meals over 9-week period was not sufficiently serious to meet objective prong of Eighth Amendment deliberate indifference). "The Eighth Amendment 'requires only that prisoners receive food that is adequate to maintain health.'" *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1259 (9th Cir. 2016) (citing *Foster*, 554 F.3d at 813 n.2).

Plaintiff fails to allege any prolonged deprivation of food. Temporary conditions are also not a sufficiently serious deprivation to state a cognizable claim under the Eighth Amendment.

**D. Title 15 and Policy Violation**

To the extent that any Defendant has not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. See, e.g., *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No.

1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

### IV.    Conclusion and Order

For the reasons stated, the Court finds that Plaintiff states a cognizable claim for excessive force against Defendants Harris and Hickey, correctional officers, for excessive force in violation of the Eighth Amendment for not responding when Plaintiff told Defendant Hickey and Harris multiple times that the handcuffing was painful. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

However, Plaintiff's complaint fails to state any other cognizable claims against any other defendants.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed June 24, 2024, (ECF No. 9), for excessive force against Defendants Harris and Hickey, correctional officers, for excessive force in violation of the Eighth Amendment for not responding when Plaintiff told Defendants Hickey and Harris multiple times that the handcuffing was painful; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District

11

Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 28, 2024**                         /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE