# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY CURTIS PALMER,<br><br>    Plaintiff,<br><br>  v.<br><br>PERALTA, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-00104-KES-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 36)<br><br>**Dispositive Motion Deadline (Exhaustion): March 30, 2026** |

   Plaintiff Johnny Curtis Palmer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Harris and Hickey ("Defendants") for excessive force in violation of the Eighth Amendment for not responding when Plaintiff told Defendants multiple times that the handcuffing was painful.

   The Court issued a discovery and scheduling order on August 29, 2025, setting the deadline for filing motions for summary judgment for failure to exhaust administrative remedies for December 29, 2025.  (ECF No. 32.)

   Currently before the Court is Defendants' motion to modify the discovery and scheduling order, filed December 17, 2025.  (ECF No. 36.)

   In support of the motion, defense counsel declares that present counsel has recently substituted as new counsel in this matter, and counsel is still involved in receiving and analyzing the file materials regarding the extent of Plaintiff's use of administrative remedies.  (ECF No. 36.) These have yet to be fully received or reviewed, so Defendants' counsel have not had the opportunity to determine whether a dispositive motion on this basis would be appropriate.  If such

a motion is appropriate, and if Plaintiff has failed to exhaust his remedies, it will be a straightforward motion that may resolve this matter entirely, conserving the resources of all parties. Finally, Defendants' counsel also sustained a cycling injury that required surgery the day that they were substituted in this action, somewhat interrupting their practice. Defendants therefore request that the deadline to file dispositive motions based on Plaintiff's failure to exhaust administrative remedies be extended up to and including March 30, 2026. (*Id.*)

Plaintiff has not yet had an opportunity to file a response, but the Court finds a response is unnecessary. The motion is deemed submitted. Local Rule 230(l).

Having considered the request, the Court finds good cause to grant the requested extension of the exhaustion summary judgment motion deadline. Fed. R. Civ. P. 16(b)(4). The Court finds that Plaintiff will not be prejudiced by the extension granted here. No other deadlines are extended by this order.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to modify the discovery and scheduling order, (ECF No. 36), is GRANTED;
2. The deadline for filing motions for summary judgment for failure to exhaust administrative remedies is extended from December 29, 2025 to **March 30, 2026**;
3. All other requirements set forth in the Court's August 29, 2025 discovery and scheduling order remain in place; and
4. **A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause.**

IT IS SO ORDERED.

Dated:   **December 18, 2025**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

2