# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY CURTIS PALMER,<br><br>Plaintiff,<br><br>v.<br><br>PERALTA, *et al.*,<br><br>Defendants. | Case No.  1:24-cv-00104-KES-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' SECOND MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 38)<br><br>Dispositive Motion Deadline (Exhaustion): **September 25, 2026**<br>Discovery Deadline**: September 25, 2026**<br>Dispositive Motion Deadline**: November 20, 2026** |

Plaintiff Johnny Curtis Palmer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Harris and Hickey ("Defendants") for excessive force in violation of the Eighth Amendment for not responding when Plaintiff told Defendants multiple times that the handcuffing was painful.

The Court issued a discovery and scheduling order on August 29, 2025, setting the deadline for filing motions for summary judgment for failure to exhaust administrative remedies for December 29, 2025.  (ECF No. 32.)  On December 18, 2025, the Court granted Defendants' motion to modify the discovery and scheduling order, extending the deadline for filing motions for summary judgment for failure to exhaust administrative remedies to March 30, 2026.  (ECF No. 37.)

Currently before the Court is Defendants' second motion to modify the discovery and scheduling order, filed March 11, 2026.  (ECF No. 38.)

1

In support of the motion, defense counsel declares that at the time of the previous motion, which only requested an extension of the exhaustion motion deadline, the case of *Murphy v. Treanor*, scheduled to begin jury selection on March 11, 2026, in state superior court, appeared to be on the cusp of settlement. This did not happen and the plaintiff in that matter was granted trial preference, with a current trial date of March 11, 2026. (ECF No. 38.) Defense counsel reports that the case has consumed the majority of counsel's time between the last filing and the present, and that trial may continue through the end of March. According to defense counsel, the case has required considerable preparation, with nearly a dozen retained expert witnesses, dozens of non-retained experts, several lay witnesses, and over 20,000 pages of medical records. Defendants indicate that once that case is resolved, defense counsel has another case set for trial at the end of July 2026 in state court. (*Id.*) Defendants further explain that in the instant case, they are still investigating whether Plaintiff has exhausted administrative remedies. They have issued discovery, but responses are pending. Defendants indicate that a dispositive motion in this action, whether premised on a failure to exhaust administrative remedies or in general, may be appropriate in this case and, if granted, would dispose of the entire case. Defendants contend that if the matter can be resolved by a dispositive motion, they deserve the opportunity to present the best possible motion. For these reasons, they request that the dispositive motion deadlines, along with the fact discovery deadline, be extended. Specifically, Defendants ask that the deadline for completion of fact discovery and for filing motions for summary judgment based on a failure to exhaust administrative remedies be continued to September 25, 2026, and the deadline for any other dispositive motion be continued to November 20, 2026. (*Id.*)

Plaintiff has not yet had an opportunity to file a response, but the Court finds a response is unnecessary. The motion is deemed submitted. Local Rule 230(l).

Having considered the motion, the Court finds good cause to grant the requested modification of the discovery and scheduling order. Fed. R. Civ. P. 16(b)(4). Defendants are unable to meet the current deadlines due to delays occasioned by trial scheduling in other matters, and they are currently awaiting discovery responses. The Court further finds that Plaintiff will not be prejudiced by the extension granted here. Extension of these deadlines will allow the

2

Court to address the potential issue of exhaustion before reaching the merits of Plaintiff's claims, if applicable. However, further requests for modification of the discovery and scheduling order must be supported by good cause, which will be narrowly construed.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to modify the discovery and scheduling order, (ECF No. 38), is GRANTED, as follows:

   a. The deadline for filing motions for summary judgment for failure to exhaust administrative remedies is extended from March 30, 2026, to **September 25, 2026**;

   b. The deadline for completion of all discovery, including filing all motions to compel discovery, is extended from April 29, 2026, to **September 25, 2026**;

   c. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is extended from July 9, 2026, to **November 20, 2026**;

2. All other requirements set forth in the Court's August 29, 2025 discovery and scheduling order remain in place; and

3. **A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause, which will be narrowly construed.**

IT IS SO ORDERED.

Dated:   **March 12, 2026**                     /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE